## Louisville Salvage Corps v. Lyons.

(Decided December 8, 1911.)

Appeal from the Jefferson Circuit Court.
(C. P. Third Division.)

Master and Servant—Injury to Servant—Verdict—Knowledge by Servant of Danger.—A verdict in favor of the servant on account

of injuries received in falling through an open hatchway will not be disturbed on the ground that the servant must have known of the danger, where under the evidence for him the facts do not charge him with such knowledge, although the facts shown by the defendant's evidence would do so, the jury having credited his witnesses rather than the witnesses for the defendant.

HENRY BURNETT for appellant.

CLEM HUGGINS, FRANK COYLE for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Affirming.

The Louisville Salvage Corps is a corporation formed under the laws of Kentucky. It is maintained by the underwriters doing business in Louisville. The purpose of the corps is to minimize losses at fires; the men go to the fires and protect personal property from water and loss in the interest of the insurers. James S. Lyons was in the employment of the company. Its headquarters for its men are on Market street, consisting of two separate buildings. The rear building is 50 feet long and 37 feet wide. The upstairs of this building was used to hang tarpaulins in. Lyons was ordered to go up in this building and move some tarpaulins to make room for some which had been used at a fire and were wet. While doing this work he fell through an open hatchway, and sustained serious injuries in the fall to recover for which he brought this action against the company. He charged that he did not know of the hatchway, that the loft was dark so that he could not see it and that he was sent into the building without notice of it, and that his employer negligently failed to furnish him a reasonably safe place to work by reason of which he was injured. On a trial of the case he recovered a judgment for $3,000.00. The company appeals.

The testimony for the plaintiff on the trial was to the effect that while there were some windows in the upstairs of the building the light from these windows was cut off by the tarpaulins which had been stretched across the room; that the tarpaulins covered a large part of the hole, and that while he was engaged in the work that had been assigned him, he stepped into the hole and fell through; that he did not know the hatchway was there, and had only been in the service of the company a few days. On

the other hand the proof for the defendant showed that Lyons had used the open hatchway in connection with the other men, and knew of its existence. The court gave the jury among others, this instruction:

"But if you shall believe from the evidence that the place at which the plaintiff was working at the time he received the injuries complained of, was reasonably safe for the work which he was required to do; or if you shall believe from the evidence that the plaintiff knew, or could by the exercise of ordinary care, have known of the existence of the open hatchway in the floor prior to the accident, then, in either of these events, the law is for the defendant and the jury should so find."

It is not insisted on the appeal that the instructions are erroneous or that the amount recovered by Lyons is excessive, if he is entitled to recover. It is simply insisted that the facts proven showed that Lyons must have known of the hatchway. There is great force in this if only the testimony introduced by the defendant is considered. The testimony for the defendant is to the effect that the hatchway was always open, and that Lyons had worked about it or at it since he had been there. As it was a large opening there would be much force in the position that he must have known of it, if it was always open. But the proof for the plaintiff is to the effect that it was closed most of the time, and if it was closed most of the time it may have been closed at the times when Lyons was about it. He had only been there a few days, and this testimony on his behalf is strengthened by the testimony of another man who had worked there but a few days, who testified on the trial that he did not know of the hatchway at the time Lyons was hurt, this evidence being brought out by the defendant, itself.

The credibility of the witnesses is for the jury and on all the facts we can not say that the verdict is palpably against the evidence. The jury is the tribunal created by law to pass on disputed questions of fact. The right of jury trial is guaranteed by the Constitution. The jury sees and hears the witnesses; they are practical men coming from the different walks of life. They put together their common experiences, and their finding on a question of fact should not be disturbed simply because they believed one witness rather than others.

Judgment affirmed.